UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SALLY D. VILLAVERDE

    Plaintiff,

  v.

ROMEO ARANAS, et al,

    Defendants.

Case No. 2:18-CV-00921-GMN-EJY

**ORDER**

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 15. Defendant's Opposition to Plaintiff's Motion for Counsel (ECF No. 19) was filed on December 16, 2019. No reply was timely filed.

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Rather, when considering the potential appointment of counsel for a *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). A plaintiff seeking appointment of counsel must submit information to the Court that describes "the nature of the action, . . . the belief that the person is entitled to redress," and "all assets [the person] possesses [showing] that the person is unable to pay . . . fees or give security therefor." 28 U.S.C. § 1915(a).

Here, Plaintiff has submitted a coherent motion stating the nature of his actions, his belief that he is entitled to monetary damages and injunctive relief, and that he is unable to pay for counsel as an incarcerated individual proceeding *in forma pauperis*. ECF Nos. 9 and 14. However, in addition to demonstrating the nature of the actions, the entitlement to redress, and the inability to pay, Plaintiff must also demonstrate that he has failed in his "reasonable efforts to retain private counsel." *Wong v. Astrue*, C 08–02432 SBA, 2008 WL 2725824, \*5 (N.D. Cal. July 10, 2008); *Thornton v. Schwarzenegger*, No. 10–01583 BTM (RBB), 2010 WL 3910446, \*4 (S.D. Cal. October 4, 2010) (stating, in a § 1983 case, that "[c]ourts have required that 'indigent plaintiffs make a

1

reasonably diligent effort to secure counsel as prerequisite to the court's appointing counsel for them,'" *citing Bailey v. Lawford*, 835 F.Supp. 550, 551 (S.D. Cal. 1993)). Plaintiff does not discuss any attempts to secure counsel prior to filing his present request. ECF No. 15.

Plaintiff claims he also meets the "exceptional circumstances" test, which he must do before the Court will appoint counsel. 28 U.S.C. § 1915(d); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). The Ninth Circuit does a two-prong evaluation when determining whether "exceptional circumstances" are present. Specifically, the Court must evaluate "the likelihood of success on the merits *and* the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (citation omitted) (emphasis added). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court has evaluated Plaintiff's arguments and finds he states a reasonable likelihood of success on the merits in his claim. However, the complexities of the issues Plaintiff presents are not exceptional when compared to the difficulties faced by most other *pro se* prisoner litigants. ECF No. 9; *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining that prisoner litigants' lack of a legal education does not constitute "exceptional circumstances"); *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation"). That is, Plaintiff argues he has limited access to the law library and limited knowledge of the law. ECF No. 15. Plaintiff further asserts that his case, were it to go to trial, would involve conflicting testimony that would be better handled by counsel. ECF No. 15. At present, neither of these claims demonstrate an exceptional circumstance.

Plaintiff's case is just commencing. Service of Defendants was recently ordered and is ongoing. ECF No. 14. Those Defendants served have not answered or otherwise responded to

Plaintiff's Amended Complaint. Finally, Plaintiff has not demonstrated any attempt to secure counsel or that his case involves such extraordinary circumstances that appointment of counsel is warranted.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice. Should this matter evolve into a more complex set of facts, Plaintiff is free to seek appointment of counsel again in the future.

IT IS FURTHER ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff at the following address:

> Sally D. Villaverde #81701
> High Desert State Prison
> P.O. Box 650
> Indian Springs, NV 89070-0650

DATED: December 26, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE