UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY VILLAVERDE,<br><br>           Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>           Defendants. | Case No.  2:18-cv-00921-GMN-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for an Order Compelling Discovery Per Federal Rule of Civil Procedure 37(a) (the "Motion" or "Motion to Compel").  ECF No. 46.  The Court has considered Plaintiff's Motion, Defendants' Opposition (ECF No. 47), and Plaintiff's Reply. ECF No. 48.

**I.     Background**

Plaintiff's Motion seeks to compel production of medical records that Plaintiff states Defendants have refused to produce.  Defendants contend that they have followed Administrative Regulation 639 and produced a copy of the medical records to the Warden's office where Plaintiff admits he had an opportunity to review the records.  Defendants state Plaintiff is not entitled to a copy of the medical records in his cell, but that the Administrative Regulation provides safeguards for inmates involved in litigation ensuring litigants are able to use the medical documents as exhibits in judicial proceedings.  Defendants also argue that Plaintiff cites to an outdated Medical Directive which does not allow an inmate to keep copies of medical records in his/her cell.

In Reply Plaintiff admits that he received notice on October 19, 2020 stating that a stack of documents, about two and one-half inches thick, was available to be viewed, but that Plaintiff had to file a kite to the Warden's Administrative Assistant to view the records.  Plaintiff states that the notice indicated he was not entitled to retain any pages or make copies of any pages of the documents he could view.  Plaintiff admits that on October 23, 2020, he was able to view the documents and take notes, but was not allowed to make copies.  Plaintiff continues to complain that he was denied

1

the ability to make or retain copies of his medical records and that, irrespective of the Administrative Regulation, the Medical Directive on which he relies should prevail.

**II.     Discussion**

Federal Rule of Civil Procedure 37(a)(1) allows a party to move to compel an opposing party to respond to discovery. Plaintiff brings his Motion to Compel, which the Court finds is limited to Plaintiff's desire to obtain copies of medical records that Defendants allegedly failed to produce. Plaintiff relies heavily on Medical Directive 707 with an effective date of September 2017 to support his argument. ECF No. 46 at 17-20. Plaintiff placed an asterisk next to Medical Directive section 707.01.10, which states:

Original records will not be sent to any non-NDOC location, unless ordered by the court.

- In the event original records are ordered in cases of litigation, only authorized staff, i.e. Health Information Director, Health Information Coordinator, Medical Director, Director of Nursing Service or designee, will hand deliver the medical record.

- Original records will not leave the possession of medical staff at any time.

- If necessary copies will be made of the original, in the presence of the medical staff member, and copies left with the court, the original record will be returned to the institution or archives.[1]

ECF No. 46 at 18.

Plaintiff argues that, pursuant to section 707.01.13 of the 2017 version of the Medical Directive, he is entitled to review and receive copies of his medical records. This section of the September 2017 Medical Directive states, in relevant part: "Inmates may not obtain copies of their medical records to keep on the yard. The exceptions are: … If an inmate is acting as their own attorney, they may review their medical record and decide what they will need to be copied. … The records will be copied and kept in the Medical Records Dept. until the court date." *Id*. at 19. Importantly, these same standards appears in the current and operative Medical Directive with an effective date of September 2020. ECF No. 47-5. Thus, whether reviewing the 2017 or 2020 version of the Medical Directive, the Court finds that the Directive does not support the conclusion that Plaintiff is entitled to make and keep copies of his medical records in his cell. For this reason, the

---

[1] Grammatical errors in the State's Directives and Administrative Regulation are not corrected in this Order.

2

Court conclude that Defendants did not fail to produce medical records requested by Plaintiff in violation of Medical Directive 707.

However, the Court also reviewed Administrative Regulation 639. ECF No. 47-4. This Regulation was effective on March 1, 2018. Although Plaintiff may not have access to the Regulation at this time, the Court finds its content controlling for purposes of Plaintiff's Motion to Compel. The Regulation includes the following statements:

- Copies of the health record shall not be released directly to the inmate while incarcerated. *Id*. at 3.

- Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records, as verified by the Office of the Attorney General. *Id*. at 3-4.

- An inmate is prohibited from possessing any portion of their medical file on their person, in their cell or on the yard unless otherwise permitted by a court order. *Id*. at 4.

Here, Plaintiff states in Reply that upon reviewing his medical records he discovered "new information" regarding blood tests showing pre-existing diabetes and eye tests revealing glaucoma. ECF No. 48 at 3. Plaintiff argues that this information "again revealed defendant's deliberate indifferences to Plaintiff's serious needs because up to this date Plaintiff has not received any treatment related to th[ese] … pre-existing serious conditions." *Id*. at 3-4. The Court's review of Plaintiff's operative Complaint shows he avers Eighth Amendment violations based on deliberate indifference to health care involving his eyes and potential diabetes. Thus, the medical records Plaintiff identifies in his Motion and Reply appear to be related to the instant litigation involving medical issues that may require the use of his medical records. The Court also notes that summary judgment motions have not yet been filed in this case and that the medical records may be pertinent to such a motion if filed by Plaintiff or, if Defendants file a motion for summary judgment, pertinent to Plaintiff's opposition to Defendants' motion.

### III.  Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Compelling Discovery Per Federal Rule of Civil Procedure 37(a) (ECF No. 46) is GRANTED in part and DENIED in Part.

3

IT IS FURTHER ORDERED that Plaintiff shall be provided one (1) hour of time to review his medical records again.  This review **shall** occur **within fifteen (15) days of the date of this Order**.

IT IS FURTHER ORDERED that at the time of Plaintiff's review of his medical records he **shall be entitled** to identify, in any way reasonably available to Plaintiff, **all pages in the medical records pertaining to tests, complaints of, diagnoses of, recommendations relating to, and the treatment or lack of treatment for hypertension, diabetes, and eye problems**.

IT IS FURTHER ORDERED that Plaintiff **shall be entitled to copies of the pages he identifies** as these pages are determined by the Court to involve medical issues arising in his lawsuit.

IT IS FURTHER ORDERED that **copies shall be provided to Plaintiff** no later than **seven (7) days** after they are identified by Plaintiff.

IT IS FURTHER ORDERED that the **copies shall be provided to Plaintiff** in a **sealed** envelope.

IT IS FURTHER ORDERED that a copy of the documents provided to Plaintiff **shall** be kept in the medical clinic in separate identifiable manner so that if the copy provided to Plaintiff goes missing for some reason there is a readily available second copy that may be made available to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff **shall not** disclose the documents he receive to any other individual at HDSP, whether inmate or employee.

IT IS FURTHER ORDERED that the documents provided to Plaintiff are for the sole purpose of allowing Plaintiff to use the same in this litigation in support of or opposition to a motion for summary judgment.  Once this litigation concludes, Plaintiff **shall** return the medical documents in his possession to the medical staff.

IT IS FURTHER ORDERED that the **due date for motions for summary judgment shall be <u>January 22, 2021</u>.**  If Plaintiff seeks to file a motion for summary judgment, he **must** place his motion in the mail on or before January 22, 2021.

1    IT IS FURTHER ORDERED that opposition(s) to motion(s) for summary judgment are **due February 24, 2021**. If Plaintiff seeks to file an opposition to Defendants' motion for summary judgment, he **must** place his opposition in the mail on or before February 24, 2021.

    IT IS FURTHER ORDERED that replies in support of motions for summary judgment are **due March 16, 2021**. If Plaintiff seeks to file a reply in support of his motion for summary judgment, he **must** place his reply in the mail on or before March 16, 2021.

    Dated this 20th day of November, 2020.

                                    _____
                                    ELAYNA J. YOUCHAH
                                    UNITED STATES MAGISTRATE JUDGE