1     UNITED STATES DISTRICT COURT

2     DISTRICT OF NEVADA

3   SALLY D. VILLAVERDE,                        Case No. 2:18-cv-00921-GMN-EJY

4         Plaintiff,

5      v.                                        **ORDER**

6   ROMEO ARANAS, *et al.*,

7         Defendant.

8

9         Before the Court is Defendants' Motion for Leave to File Exhibits to Defendants' Motion for

10   Summary Judgment Under Seal.  ECF No. 64.  Plaintiff filed two documents in response to

11   Defendants' Motion (ECF Nos. 68 and 69), which the Court has reviewed and considered.

12        Defendants' Motion explains that Exhibits A-L to their Motion for Summary Judgment

13   contain portions of Plaintiff's medical records.  ECF No. 64 at 2.  Defendants seek to protect

14   Plaintiff's privacy through the Motion to Seal.  *Id.*  Plaintiff appears to object to Defendants' Motion

15   because "the exhibits include declarations and/or affidavits from parties involved in this litigation."

16   ECF No. 69 at 2.  Plaintiff also appears to complain that he has had insufficient time to review the

17   medical records to which he was provided access.  *Id.* at 3.  This argument is not related to whether

18   the records are properly sealed.[1]

19        When seeking to seal a judicial record, the moving party, here Defendants, must meet their

20   burden of overcoming the strong presumption in favor of access and public policies favoring

21   disclosure.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)

22   (holding that those who seek to maintain the secrecy of documents attached to dispositive motions

23   must meet the high threshold of showing that "compelling reasons" support secrecy).  Compelling

24   reasons for maintaining secrecy of records filed with the Court requires demonstration that the

25   _____

[1]     The Court notes that Plaintiff was provided an opportunity to review medical records pertaining in any way to
26   tests, complaints of, diagnoses of, recommendations relating to, and the treatment or lack of treatment for hypertension,
diabetes, and eye problems, obtain copies of records Plaintiff identified, and that these events were to occur within
27   specific timeframes.  ECF No. 51 entered on November 20, 2020.  The Court further notes that Plaintiff received copies
of the records filed under seal.  ECF No. 69 at 2.  The record in this matter further demonstrates Plaintiff filed no motion
following the Court's November 20, 2020 Order indicating the relief granted was inadequate.

28

1   publicly filed document has the potential to become a vehicle for improper purposes, including use

2   of records to gratify private spite, promote public scandal, disseminate libelous statements, or

3   circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Importantly, medical

4   privacy also meets the compelling reason standard. *See*, *e.g.*, *San Ramon Regional Med. Ctr., Inc.*

5   *v. Principal Life Ins. Co.*, 2011 WL89931, at *n. 1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii*

6   *Employers Mut. Ins. Co.*, 2010 WL4715793, at *1–2 (D.HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL

7   267483, at *1–2 (D. HI. June 25, 2010); *Wilkins v. Ahern*, 2010 WL3755654 (N.D. Cal. Sept. 24,

8   2010); *Lombardi v. Tri West Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D. Ariz. May 4,

9   2009). A review of all documents Defendants seeks to seal relate to and/or discuss Plaintiff's health

10  issues. Accordingly, the Court finds that sealing Exhibits A-L to Defendants' Motion for Summary

11  Judgment is proper.

12      Therefore, IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibits

13  to Defendants' Motion for Summary Judgment Under Seal (ECF No. 64) is GRANTED and all

14  exhibits presented under seal shall remain sealed.

15      IT IS FURTHER ORDERED that Plaintiff's Letter/Motion docketed as ECF No. 68 is

16  GRANTED.

18      DATED this 21st day of April, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE