AARON D. FORD
 Attorney General
Christopher M. Guy (Bar No. 15239)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue Suite 3900
Las Vegas, Nevada 89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email: cguy@ag.nv.gov

*Attorneys for Defendants*
*Dr. Gregory Bryan and Dr. Romeo Aranas*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SALLY VILLAVERDE,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00921-GMN-EJY<br><br>**JOINT STIPULATION TO EXTEND TIME TO FILE THE JOINT PRETRIAL ORDER**<br>**[SECOND REQUEST]** |

Pursuant to Local Rule IA 6-1 and 26-3, Dr. Gregory Bryan and Dr. Romeo Aranas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Christopher M. Guy, Deputy Attorney General, and Plaintiff Sally Villaverde, by and through his counsel Erica C. Medley, Esq. hereby respectfully submit the following Joint Stipulation to Extend Time to File the Joint Pretrial Order for thirty (30) days to **July 30, 2022**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

On June 16, 2022, Defendants and Plaintiff discussed settlement of this matter. Defendants have agreed to Plaintiff's proposal. On June 20, 2022, Erica C. Medley, Esq. contacted counsel for the Defendants, on behalf of Mr. Villaverde. The Parties agree that considering the pending settlement an extension of time is warranted in order to finalize the necessary paperwork to resolve this action.

## II. LAW

Federal Rule of Civil Procedure 6(b)(1)[1] provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1).

The United States Supreme Court has recognized, "Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added); *see also Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) (citing and quoting *Lujan*, 497 U.S. at 906). Further, this rule, like all the Federal Rules of Civil Procedure is to be liberally construed to effectuate the general purpose of seeing that cases (and other disputed issues) are decided on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Regarding "Good cause," it is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Id.* (citing several circuits *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987)).

Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian,* 624 F.3d at 1259

---

[1] LR IA 6-1(a): "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." Further, a "stipulation or motion seeking to extend the time to file an opposition or reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the subject motion or the date of the subject hearing." LR IA 6-1(c).

(quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

### III. ARGUMENT

The Parties are diligently working to finalize the settlement documents. However, the Parties have not completed the appropriate paperwork yet. Counsel for Plaintiff contacted defense counsel on June 20, 2022, to make her introduction. Counsel for each Party is now working in good faith to resolve this action promptly without any further litigation. Therefore, the Parties respectfully request an additional 30-day extension of the Joint Pretrial Order deadline to finalize the settlement agreement and file the signed Stipulation For Dismissal And Proposed Order. This extension is not made in bad faith and will not prejudice either party.

Additionally, this request is made before expiration of the June 30, 2022, deadline. Thus, they Parties need merely show good cause. The United States Supreme Court and the Ninth Circuit have indicated that good cause should normally be found when a motion to extend is timely filed. *Lujan,* 497 U.S. at 906 n. 7; *Ahanchian,* 624 F.3d at 1253. Indeed, that good cause should be liberally found is well established throughout the Circuits. *See Venegas–Hernandez*, 370 F.3d at 187; *Brennan*, 961 F.2d at 619; *Arthur Murray,* 816 F.2d at 954. Synthesizing the precedent to liberally find good cause, a leading treatise similarly suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party. 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1165, at 605–08 (2015).

Here, neither side is prejudiced by the additional time required for the Parties to finalize all the required paperwork. Good cause exists because the Parties are working diligently together to finalize all the required paperwork to resolve this matter. An additional 30 days will provide the Parties sufficient time to sign and comply with the necessary documents in order to file a Stipulation of Dismissal And Proposed Order.

## IV.  CONCLUSION

Pursuant to Fed. R. Civ. P. 6(b), the Parties submit this extension of time. The Parties agree that this extension is not submitted in bad faith, and that neither Party will be prejudiced by the **July 30, 2022 deadline**. Further, the Parties agree that the resolution of this matter constitutes good cause for this Court to grant the Parties extension request.

Accordingly, **IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES** that the deadline to file the Joint Pretrial Order be continued to **July 30, 2022**.

DATED June 21, 2022.                                  DATED June 21, 2022.

                                                          AARON D. FORD
                                                          Attorney General

/s/  Erica C. Medley                                       /s/ *Christopher M. Guy*
Erica C. Medley Bar No. 13959                Christopher M. Guy, Bar No. 15239
9555 Hillwood Drive, 2nd FL                    555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89134                                Las Vegas, Nevada 89101
*Attorney for Plaintiff*                                 *Attorneys for Defendants*

### ORDER

The Court, having reviewed the preceding Stipulation and Good Cause Appearing, **HEREBY ORDERS** that the deadline to file the Joint Pretrial Order be continued to **July 30, 2022**.

**IT IS SO ORDERED.**

DATED this 21st day of June 2022.

                                                     **UNITED STATES MAGISTRATE JUDGE**